The Honorable Richard A. Jones

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff

v.

RICHARD SCUTARI,

Defendant.

NO.  85-CR-001-RAJ

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR A
REVISED PRESENTENCE REPORT**

## INTRODUCTION

Defendant Richard Scutari has filed a *pro se* motion requesting this Court to direct that a new and revised presentence investigation report be issued some thirty-four years after his sentencing in this case. The motion appears to be directed at a desire to reflect his acquittal of charges related to the murder of Darren Berg. That acquittal came one year after his sentencing in this case. Similar, he seeks elimination of facts, unidentified in the motion, that he claims pertain to the conspiracy charge in the Western District of Arkansas of which he was acquitted two years after sentencing.

There is no legal authority that provides this court with the jurisdiction or authority to direct amendment of a presentence report after sentence has been imposed, and Scutari has offered none. Moreover, at least with respect to the murder charge, as Scutari has

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-5172

acknowledged, the United States Probation Office requested that information regarding his acquittal be appended to the report by the Parole Commission and the Bureau of Prisons. Finally, Scutari states that he seeks these amendments to the report because the contents, as written, will hinder his request for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). But because he was convicted of crimes committed prior to the November 1, 1987 effective date of the Sentencing Reform Act, this statute is inapplicable to him. For all of these reasons, Scutari's motion should be denied.

## FACTUAL BACKGROUND

On April 30, 1986, Richard Scutari entered guilty pleas to charges of Racketeering, in violation of 18 U.S.C. § 1962(c), and conspiracy to engage in Racketeering Activity, in violation of 18 U.S.C. § 1962(d) contained in an indictment returned in the Western District of Washington. He also pleaded guilty to a charge of Hobbs Act Robbery in violation of 18 U.S.C. § 1951 as charged in the Northern District of California, and transferred to this district pursuant to Rule 20 of the Federal Rules of Criminal Procedure. The charges arose from Scutari's participation and role in the Order, also known as the Silent Brotherhood. This group was focused on Neo-Nazi, white supremacist ideals, and extreme right wing causes. As such, it had goals similar to that of the Aryan Nations church. Among other things, to fund its operations and support its members, the group engaged in a variety of criminal activities such as armed robberies of banks and armored car companies and counterfeiting. Other crimes were committed in support of its ideologies.

For his role in this criminal enterprise, Scutari received a sentence of twenty years on each count, to be served consecutively, for a total sentence of sixty years. To date, he has served over thirty-four years of that sentence. It appears that the current date on which he is likely to be paroled is June 26, 2025. He is currently serving his sentence at FCI Mendota, a medium security institution located in Mendota, California. He is now 73 years old.

Government's Motion for Extension of Time to Respond to Motion
for Compassionate Release
*U.S. v. Scutari*, No. CR85-001-RAJ  - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-5172

**ARGUMENT**

**A.    There Is No Authority to Amend a Presentence Report Many Years After Sentencing Took Place.**

Scutari requests this Court to issue a new and revised presentence report to reflect his acquittal of charges pursued in two other federal judicial districts after his sentencing in this case.  As a basis for this request, he points to placement decisions made by the Bureau of Prisons throughout his incarceration, and decisions of the Parole Commission, He suggests that the decisions were made based on information contained in his presentence report.  He is not challenging (nor could he do so), the Bureau of Prisons decision to house him at FCI Mendota.  Instead, Scutari argues that his presentence report should be revised to enhance his chance to prevail on a motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  There is no legal basis for his motion and it should therefore be denied.

In his motion, Scutari does not offer any legal authority that would permit this Court to amend the presentence report some thirty-four years after sentence was imposed, and there does not appear to be any legal basis for doing so.  Those Courts that have addressed similar motions to amend presentence have considered the application of two Federal Rules of Criminal Procedure as possible authority, and concluded that neither provides a legal basis to direct the revision of a presentence report after sentencing.

The first of these is Rule 32 of the Federal Rules of Criminal Procedure pertaining to Sentencing and Judgements.  As the current rule does today, the version of Rule 32 applicable to offenses committed prior to November 1, 1987, required the preparation of a presentence report by the Probation Office in advance of sentencing, and disclosure of that report prior to sentencing to the defendant and defendant's counsel.  *See* Fed. R. Crim. P.

Government's Motion for Extension of Time to Respond to Motion
for Compassionate Release
*U.S. v. Scutari*, No. CR85-001-RAJ  - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-5172

32(c)(3)(1983).[1]  The rule further provides that where the defense contests the factual accuracy of any part of the report, the following should occur:

> the Court shall, as to each matter controverted, make (i) a finding as to the allegation; or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.  A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigative report thereafter made available to the Bureau of Prisons or the Parole Commission.

Fed. R. Crim. P 32(c)(3)(D) (1983).[2]

There is nothing in that rule, or the current version of the rule, that allows a defendant to seek an amendment to the report after sentencing has occurred and nothing that suggests that a court has authority to do so.  Indeed, the Ninth Circuit has held that "once the district court has imposed sentence, the court lacks jurisdiction under Rule 32 to hear challenges to the presentence report." *United States v. Catabran*, 884 F.2d 1288, 1289 (9th Cir. 1989). *See also United States v. Giaimo,* 880 F.2d 1561, 1563 (2d Cir. 1989) (same); *United States v. Sarduy,* 838 F.2d 157, 158 (6th Cir. 1988) (same); *United States v. Fischer,* 821 F.2d 557, 558 (11th Cir.1987) (same).  The purpose of this rule, and version of the rule that continues to this day,  *see* Fed. R. Crim. P. 32 (i)(3)(C), to ensure that the defendant's sentence is based on accurate information and that a clear record exists of the resolution of any disputes.  There is nothing in the rule that offers any authority to direct a rewriting of this document after sentencing takes place.

The advisory committee notes regarding the 1983 amendments that added Section 32(c)(3)(D) to the Rule do reference the fact that the Bureau of Prisons and the Parole

---

[1] A copy of this 1983 version of the Rule is contained in the Thomson Reuters in the manual on Federal Criminal Code and Rules following the current version of the rule.

[2] Scutari complains that he was not able to review the presentence report before pleading guilty.  But at the time of his guilty plea, as is true today, there is no right to review a presentence report until after a guilty plea is entered.  Indeed, the report is not prepared until after a defendant enters a guilty plea or found guilty at trial.  That his is true is also apparent from the face of the report which was dictated on May 27, 1986, one month after Scutari's guilty plea was entered.

Government's Motion for Extension of Time to Respond to Motion for Compassionate Release
*U.S. v. Scutari*, No. CR85-001-RAJ  - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-5172

Commission make extensive use of the presentence report, and thus that a defendant has a continuing interest in the reliability of the document. *See United States v. Warner*, 23 F.3d 287, 290 n.3 (10th Cir. 1994). But this comment in the advisory committee notes does not suggest that a court has jurisdiction or authority to direct changes to the document to reflect future events.

In any event, regardless of whether authorized by this rule, in this case, Judge Walter T. McGovern already approved the letter that was written by the Probation Officer to the warden where Scutari was then housed to advise that Scutari had been acquitted of the murder charge filed in the District of Colorado, and that a copy of the letter advising of that fact along with the judgment in the Colorado case be appended to the presentence report. The murder and Scutari's alleged role in that crime are mentioned in the presentence report. But the actions already taken have addressed that issue. It is also more than likely that the Bureau of Prisons and the United States Parole Commission are also aware of his acquittal of the subsequent charges in the Western District of Arkansas although the nature of the conduct alleged is not discussed in the presentence report. As a result, even if this Court had authority to direct an amendment it is not at all clear what changes would need to be made.

The other Federal Rule of Criminal Procedure that courts have considered as possibly providing authority to address such an amendment is Federal Rule of Criminal Procedure 36. *See e.g., United States v. Ali*, 654 F. App'x. 332 (9th Cir. 2016). That Rule, which has remained largely unaltered since its enactment in 1944, provides that a court may, at any time, "correct a clerical error in a judgment, order or other part of the record, or correct an error in the record arising from oversight or omission." By its terms, this rule only applies to a clerical mistake. There was no clerical error or mistake here so there is nothing for this Court now to correct. Rather, Scutari is asking for a substantive change. Thus, it offers no basis to alter this document. And as noted above, the fact of his acquittal of the murder charge, which murder is referenced in the presentence report, was already

Government's Motion for Extension of Time to Respond to Motion
for Compassionate Release
*U.S. v. Scutari*, No. CR85-001-RAJ - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-5172

brought to the attention of the Bureau of Prisons and the United States Parole Commission so he has received the relief that he seeks.

**B.    As an Inmate Serving an Old Law Sentence, Scutari Is Not Eligible for a Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A).**

Finally, Scutari states that he seeks this amendment to the presentence report to enhance his request for a reduction in his sentence based pursuant to 18 U.S.C. § 3582(c)(1). Therefore, the government addresses the application of this statute to his case here. In summary, because he was sentenced for criminal conduct that occurred prior to November 1, 1987, this statutory provision is unavailable to him.

Title 18, United States Code, Section 3582(c)(1)(A) was enacted as a part of the Sentencing Reform Act of 1984. *See* Title II, Chapter II, Section 235(a)(1), Pub. L. 98-473, 98 Stat.2031-32, Oct. 12, 1984; as amended, Judicial Improvements Act of 1990 § 316, Pub. L. 101-650, 104 Stat. 5115, Dec. 1, 1990. As the relevant reports and subsequent amendments have made clear, this provision along with the other statutory provisions created by the Sentencing Reform Act only apply to offenses committed after November 1, 1987, the effective date of the Act.   *See* S. Rep. No. 98-225, 98th Cong., 1st Sess. 189 reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3372.

Because Scutari committed crimes and was convicted well prior that date, he cannot seek relief under this statutory provision.  Instead, he is subject to the statutes that existed prior to the effective date of the Sentencing Reform Act.  Specifically, before section 3582(c)(1)(A) was enacted, 18 U.S.C. § 4205(g) permitted the Bureau of Prisons to initiate compassionate release proceedings "in particularly meritorious or unusual circumstances which could not reasonably have been foreseen" at the time of sentencing. 28 C.F.R. § 571.61(a).  This section continues to apply to a defendant, such as Scutari, who is serving an "old law" sentence, instead of Section 3582(c)(1)(A). *See United States v. Stewart*, 865 F.2d 115, 118 (7th Cir. 1988); *United States v. Burgess*, 858 F.2d 1512, 1513-14 (11th Cir. 1988); *United States v. Woolum*, 2020 WL 1963787, at *2 (W.D. Ky. Apr. 23, 2020);

Government's Motion for Extension of Time to Respond to Motion for Compassionate Release
*U.S. v. Scutari*, No. CR85-001-RAJ  - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-5172

1    *United States v. Moses*, 2019 WL 8500908, at *1 (E.D. Pa. Nov. 22, 2019) (dictum); *United*
2    *States v. Scarbrough*, 2019 WL 2482710, at *2 (N.D. Ind. June 14, 2019).

3           Section 4205(g) provides: "At any time upon motion of the Bureau of Prisons, the
4    court may reduce any minimum term to the time the defendant has served. The court shall
5    have jurisdiction to act upon the application at any time." 18 U.S.C. § 4205(g). This
6    provision was not amended by the First Step Act. As a result, an inmate cannot file a
7    motion for compassionate release under this provision on his own behalf. That authority
8    remains with the Bureau of Prisons.

9           Moreover, the failure of the Bureau of Prisons to file such a motion is not subject to
10   review. *Simmons v. Christensen*, 894 F.2d 1041 (9th Cir. 1990). In that case, the Ninth
11   Circuit held that "the Parole and Reorganization Act precludes the federal courts from
12   reviewing  the Bureau of Prisons decisions whether to move a sentencing court for a
13   reduction of a minimum term to a time served under 18 U.S.C. § 4205(g)." *See also Crowe*
14   *v. United States,* 430 Fed. Appx  484 (6th Cir. 2011); *Fernandez v. United States,* 941 F.2d
15   1488, 1493 (11th Cir. 1991). Therefore, until such time has the Bureau of Prisons files a
16   motion of Scutari's behalf, this Court would not have  jurisdiction to consider a motion to
17   reduce his sentence.

18   //
19   //
20   //
21   //
22   //
23   //
24   //
25   ////
26
27
28

Government's Motion for Extension of Time to Respond to Motion
for Compassionate Release
*U.S. v. Scutari*, No. CR85-001-RAJ  - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-5172

1

**CONCLUSION**

2        For these reasons, Scutari's motion should be denied.

3        Dated this 22st day of September, 2020.

4                                            Respectfully submitted,

5
                                             BRIAN T. MORAN
6                                            UNITED STATES ATTORNEY
7                                            *s/ Helen J. Brunner*
                                             _____
8                                            HELEN J. BRUNNER
                                             Assistant United States Attorney
9                                            Western District of Washington
                                             700 Stewart Street, Suite 5220
10                                           Seattle, Washington  98101
11                                           Tel:  (206) 553-7970

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Government's Motion for Extension of Time to Respond to Motion
for Compassionate Release
*U.S. v. Scutari,* No. CR85-001-RAJ  - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-5172

# CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and to be served on the Defendant, Richard J. Scutari, who is proceeding *pro se*, by First Class Mail to the following address:

Richard J. Scutari, Registration No. 34840-080
FCI Mendota
Federal Correctional Institution
PO Box 9
Mendota, CA 93640

*/s/ John M. Price*
JOHN M. PRICE
Paralegal Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-7970

Government's Motion for Extension of Time to Respond to Motion
for Compassionate Release
*U.S. v. Scutari*, No. CR85-001-RAJ - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-5172